*Cory Woollard, #247739 v. Corizon Health, et al.*
USDC-ED Mich. No. 2:18-cv-11529

# EXHIBIT A



**User Name:** Elizabeth Briggs
**Date and Time:** Monday, August 27, 2018 3:14:00 PM EDT
**Job Number:** 72391302

## Document (1)

1. *Martin v. Harvey, 14 Fed. Appx. 307*

   **Client/Matter:** -None-
   **Search Terms:** 14 Fed. Appx. 307
   **Search Type:** Natural Language
   **Narrowed by:**

   | Content Type | Narrowed by |
   |---|---|
   | Cases | -None- |

| About LexisNexis | Privacy Policy | Terms & Conditions | Copyright © 2018 LexisNexis

Elizabeth Briggs

 Positive

As of: August 27, 2018 7:14 PM Z

# Martin v. Harvey

United States Court of Appeals for the Sixth Circuit

June 7, 2001, Filed

No. 00-1439

**Reporter**
14 Fed. Appx. 307 *; 2001 U.S. App. LEXIS 13813 **

ERIC MARTIN, Plaintiff-Appellant, v. PAUL HARVEY, Dr., et al., Defendants-Appellees.

**Notice:** [**1] NOT RECOMMENDED FOR FULL-TEXT PUBLICATION. SIXTH CIRCUIT RULE 28(g) LIMITS CITATION TO SPECIFIC SITUATIONS. PLEASE SEE RULE 28(g) BEFORE CITING IN A PROCEEDING IN A COURT IN THE SIXTH CIRCUIT. IF CITED, A COPY MUST BE SERVED ON OTHER PARTIES AND THE COURT. THIS NOTICE IS TO BE PROMINENTLY DISPLAYED IF THIS DECISION IS REPRODUCED.

**Prior History:** Eastern District of Michigan. 99-73760. O'Meara. 03-10-00.

**Disposition:** Motion for injunctive relief denied, and the district court's judgment affirmed.

## Core Terms

district court, summary judgment, appointment, injunctive

## Case Summary

**Procedural Posture**
The United States District Court for the Eastern District of Michigan dismissed plaintiff's complaint, which alleged that defendants violated his *Eighth Amendment* right to adequate medical treatment. Plaintiff appealed and also sought immediate injunctive relief from the instant court.

**Overview**
On appeal, the court noted that the prisoner's complaint showed that the director's only involvement was the denial of the appeal of the prisoner's grievance. Therefore, he failed to allege any personal involvement by the director in the alleged denial of medical treatment. Furthermore, a claim based on supervisory liability had no merit, as it was not alleged that the director condoned or otherwise approved of the alleged denial of medical care. Furthermore, the court held that the district court properly dismissed the complaint against the health unit manger and an unnamed doctor, as neither of these defendants were served with the summons and complaint. The court also held that the district court properly granted summary judgment to the treating doctor on the *Eighth Amendment* claim, as the record showed that the doctor was not deliberately indifferent to the prisoner's medical needs. Lastly, the court held the prisoner's remaining arguments to be without merit.

**Outcome**
Motion for injunctive relief was denied, and the district court's judgment was affirmed.

## LexisNexis® Headnotes

Civil Procedure > Appeals > Standards of Review > De Novo Review

Civil Procedure > Appeals > Summary Judgment Review > General Overview

Civil Procedure > Appeals > Summary Judgment Review > Standards of Review

*HN1*[ ]  **Standards of Review, De Novo Review**

An appellate court's review of a grant of summary judgment is de novo.

Civil Procedure > ... > Summary Judgment > Entitlement as Matter of Law > Genuine

Disputes

Civil Procedure > ... > Summary Judgment > Entitlement as Matter of Law > General Overview

Civil Procedure > ... > Summary Judgment > Entitlement as Matter of Law > Materiality of Facts

**HN2**[ ] **Entitlement as Matter of Law, Genuine Disputes**

Summary judgment should be granted only where there is no genuine issue of material fact. *Fed. R. Civ. P. 56(c)*.

Civil Procedure > Appeals > Standards of Review > De Novo Review

Civil Procedure > ... > Defenses, Demurrers & Objections > Motions to Dismiss > Failure to State Claim

**HN3**[ ] **Standards of Review, De Novo Review**

The dismissal of claims against a defendant on a *Fed. R. Civ. P. 12(b)(6)* motion is subject to de novo review.

Civil Procedure > ... > Defenses, Demurrers & Objections > Motions to Dismiss > Failure to State Claim

Civil Procedure > Pleading & Practice > Pleadings > Rule Application & Interpretation

**HN4**[ ] **Motions to Dismiss, Failure to State Claim**

Dismissal under *Fed. R. Civ. P. 12(b)(6)* is proper only if it is clear that the plaintiff could present no set of facts consistent with his allegations that would entitle him to relief.

Civil Rights Law > Protection of Rights > Section 1983 Actions > Scope

Healthcare Law > Medical Treatment > Failures & Refusals to Treat > General Overview

Healthcare Law > ... > Actions Against Facilities > Agency Relationships > General Overview

Healthcare Law > ... > Actions Against Facilities > Agency Relationships > Respondeat Superior

**HN5**[ ] **Protection of Rights, Section 1983 Actions**

The doctrine of respondeat superior does not apply in *42 U.S.C.S. § 1983* lawsuits to impute liability onto supervisory personnel.

Civil Procedure > ... > Defenses, Demurrers & Objections > Motions to Dismiss > Failure to State Claim

Civil Rights Law > ... > Prisoner Rights > Prison Litigation Reform Act > Claim Dismissals

Criminal Law & Procedure > Postconviction Proceedings > Imprisonment

**HN6**[ ] **Motions to Dismiss, Failure to State Claim**

Pursuant to *28 U.S.C.S. § 1915(e)(2)(ii)*, a court shall dismiss the case, at any time, if the court determines that the action fails to state a claim upon which relief may be granted.

Criminal Law & Procedure > Postconviction Proceedings > Imprisonment

**HN7**[ ] **Postconviction Proceedings, Imprisonment**

A viable *Eighth Amendment* claim includes an objective component, which requires a showing that the plaintiff was exposed to a substantial risk of serious harm. It also includes a subjective component, which requires a showing that the defendant acted with deliberate indifference or wantonness, that is more than mere negligence.

Civil Rights Law > Protection of Rights > Section 1983 Actions > Scope

Criminal Law & Procedure > Postconviction Proceedings > Imprisonment

Torts > Malpractice & Professional Liability > Healthcare Providers

### HN8[ ] Protection of Rights, Section 1983 Actions

A medical malpractice claim is not cognizable under *42 U.S.C.S. § 1983*.

Civil Procedure > Appeals > Standards of Review > Abuse of Discretion

Civil Procedure > Discovery & Disclosure > General Overview

### HN9[ ] Standards of Review, Abuse of Discretion

The scope of discovery lies within the sound discretion of the trial court and the denial of a motion to compel discovery is reviewed only for abuse of discretion.

Civil Procedure > Appeals > Standards of Review > Abuse of Discretion

Public Health & Welfare Law > Social Services > Legal Aid

Civil Procedure > ... > Pleadings > In Forma Pauperis > General Overview

Civil Procedure > Attorneys > General Overview

Civil Procedure > Attorneys > Appointment of Counsel

### HN10[ ] Standards of Review, Abuse of Discretion

A district court has discretion to appoint counsel for an indigent civil litigant, *28 U.S.C.S. § 1915(e)(1)*, and review of a district court's order denying appointment of counsel is for abuse of discretion.

**Counsel:** ERIC MARTIN, Plaintiff - Appellant, Pro se, Baraga, MI.

For PAUL HARVEY, Dr., Defendant - Appellee: Shannon N. Wood, Office of the Attorney General, Lansing, MI.

**Judges:** Before: BATCHELDER and MOORE, Circuit Judges; BERTELSMAN, District Judge. [*]

## Opinion

 [*308] ORDER

Eric Martin, a Michigan prisoner proceeding pro se, appeals from a district court judgment dismissing his civil rights complaint filed pursuant to *42 U.S.C. § 1983*. Martin also seeks immediate injunctive relief from this court. This case has been referred to a panel of the court pursuant [**2] to *Rule 34(j)(1), Rules of the Sixth Circuit*. Upon examination, this panel unanimously agrees that oral argument is not needed. *Fed. R. App. P. 34(a)*.

At the time of the events giving rise to this cause of action, Martin was incarcerated at the State Prison of Southern Michigan ("SPSM") located in Jackson, Michigan. Martin sued former Michigan Department of Corrections ("MDOC") director Kenneth McGinnis, a physician employed by the MDOC, Dr. Paul Harvey, a Health Unit Manager at SPSM, Tim Davis, and an unknown physician at SPSM, John Doe. Martin alleged that defendant Harvey violated his *Eighth Amendment* rights by refusing to examine and properly treat his right shoulder joint problem. He alleged that defendants McGinnis, Davis, and Doe failed to take appropriate action to ensure that Martin received adequate medical treatment. Martin sought monetary, injunctive and declaratory relief. Defendants McGinnis and Harvey are sued in both their individual and official capacities. The other two defendants are sued only in their individual capacities. Pursuant to *Rule 12(b)(6) of the Federal Rules of Civil Procedure*, McGinnis moved for dismissal. Harvey moved for dismissal under *42 U.S.C. § 1997e* [**3] *(a)* and in the alternative for summary judgment. Because McGinnis was not personally involved in Martin's alleged injury, the magistrate judge recommended that the district court grant his *Rule 12(b)(6)* motion and sua sponte dismiss Davis and Doe for the same reason. With respect to Harvey's motion, the magistrate judge noted that Martin had not exhausted his administrative remedies, but concluded nonetheless that Martin's *Eighth Amendment* claim was without merit. Accordingly, the magistrate judge recommended granting summary judgment in favor of

---

[*] The Honorable William O. Bertelsman, United States District Judge for the Eastern District of Kentucky, sitting by designation.

Harvey. The district court adopted the magistrate judge's report [*309] and recommendation over Martin's objections.

In his timely appeal, Martin argues that: 1) the district court erred by resolving disputed issues of material fact; 2) the district court erred by denying his discovery motions; 3) the district court erred when it dismissed defendant McGinnis pursuant to Fed. R. Civ. P. 12(b)(6); 4) the district court erred when it denied his motion for injunctive relief; 5) the district court improperly denied his motion for counsel; and 6) the district court incorrectly decided that Martin failed to exhaust his administrative remedies as to the [**4] allegations against defendant Harvey.

HN1[↑] An appellate court's review of a grant of summary judgment is de novo. See Smith v. Ameritech, 129 F.3d 857, 863 (6th Cir. 1997). HN2[↑] Summary judgment should be granted only where there is no genuine issue of material fact. See Fed. R. Civ. P. 56(c). HN3[↑] The dismissal of the claims against defendant McGinnis on McGinnis's Fed. R. Civ. P. 12(b)(6) motion is also subject to de novo review. See Jackson v. City of Columbus, 194 F.3d 737, 745 (6th Cir. 1999). HN4[↑] Dismissal is proper only if it is clear that the plaintiff could present no set of facts consistent with his allegations that would entitle him to relief. Id.

The district court properly dismissed defendant McGinnis. Martin's complaint shows that defendant McGinnis's only involvement was the denial of the appeal of the grievance. The denial of the grievance is not the same as the denial of a request to receive medical care. Therefore, Martin failed to allege any personal involvement by defendant McGinnis in the alleged denial of medical treatment. To the extent that defendant McGinnis is sued because of his past position of authority, HN5[↑] the doctrine of respondeat [**5] superior does not apply in § 1983 lawsuits to impute liability onto supervisory personnel. See Monell v. Dep't of Soc. Servs. of N.Y., 436 U.S. 658, 691-95, 56 L. Ed. 2d 611, 98 S. Ct. 2018 (1978). A claim based on supervisory liability has no merit because Martin has not alleged that defendant McGinnis condoned or otherwise approved of the alleged denial of medical care. See Copeland v. Machulis, 57 F.3d 476, 481 (6th Cir. 1995); Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984).

The district court properly dismissed the complaint against defendants Davis and Doe. Neither of these defendants were served with the summons and complaint. However, HN6[↑] pursuant to 28 U.S.C. § 1915(e)(2)(ii), the court shall dismiss the case, at any time, if the court determines that the action fails to state a claim upon which relief may be granted. Martin clearly sought to impose liability on these two defendants based upon their respective roles in reviewing his grievance. The analysis in dismissing McGinnis as a defendant applies equally as to Davis and Doe. Accordingly, dismissal of these two defendants was proper.

The district [**6] court properly granted summary judgment to the defendant Harvey on Martin's *Eighth Amendment* claim. HN7[↑] A viable *Eighth Amendment* claim includes an objective component, which requires a showing that Martin was exposed to a substantial risk of serious harm. See Farmer v. Brennan, 511 U.S. 825, 834, 128 L. Ed. 2d 811, 114 S. Ct. 1970 (1994). It also includes a subjective component, which requires a showing that Dr. Harvey acted with deliberate indifference or wantonness, that is more than mere negligence. See id. at 835. The record here shows that Dr. Harvey was not deliberately indifferent to Martin's medical needs, even though Martin may have disagreed with the diagnosis and treatment that he received. Thus, Martin has alleged no more than HN8[↑] a medical malpractice claim that is not cognizable under 42 U.S.C. § 1983. See Sanderfer [*310] v. Nichols, 62 F.3d 151, 154-55 (6th Cir. 1995).

Martin's remaining arguments lack merit. HN9[↑] The scope of discovery lies within the sound discretion of the trial court and the denial of a motion to compel discovery is reviewed only for abuse of discretion. Lavado v. Keohane, 992 F.2d 601, 604 (6th Cir. 1993). [**7] Because the only genuine issues of material fact in this case were resolved by the medical documents that were provided through discovery, the district court did not abuse its discretion in denying Martin's remaining requests.

Moreover, the district court did not abuse its discretion when it denied Martin's motion for the appointment of counsel. HN10[↑] A district court has discretion to appoint counsel for an indigent civil litigant, 28 U.S.C. § 1915(e)(1), and review of a district court's order denying appointment of counsel is for abuse of discretion. Id. at 604-05. In this case, the district court appropriately considered whether exceptional circumstances warranted the appointment of counsel and determined that they did not. Because the issues in this case were not complex and Martin stood a poor chance of success on the merits, the district court did not abuse its discretion in denying his motion for appointed counsel.

Finally, Martin's claim for injunctive relief stemming from incidents occurring during his stay at SPSM was properly denied as moot as he was transferred from that facility prior to the disposition of his complaint. *See Goar v. Civiletti, 688 F.2d 27, 29 (6th Cir. 1982).* **[**8]**

Accordingly, the motion for injunctive relief is denied, and the district court's judgment is affirmed. *Rule 34(j)(2)(C), Rules of the Sixth Circuit.*

**End of Document**