## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

Cory Woollard, #247739

        Plaintiff,

v.

Corizon Health, Inc., et al

        Defendants,

Case No.: 2:18-cv-11529
District Judge: Paul D. Borman
Magistrate Judge: Anthony P. Patti

---

| | |
|---|---|
| CORY WOOLLARD, #247739<br>Gus Harrison Correctional Facility<br>2727 E. Beecher Street<br>Adrian, MI 49221<br>*Pro Se Plaintiff*<br><br>MICHIGAN DEPT. OF ATTORNEY GENERAL<br>Elizabeth R. Husa Briggs (P73907)<br>Attorney for MDOC Defendants<br>P.O. Box 30736<br>Lansing, MI 48909<br>(517) 373-6434<br>briggse1@michigan.gov | CHAPMAN LAW GROUP<br>Ronald W. Chapman Sr., M.P.A.,<br>LL.M (P37603)<br>Carly Van Thomme (P59706)<br>Attorneys for Defendants Corizon Health, Inc.,<br>Rickey Coleman, D.O., Mary Greiner, D.O.<br>and Rosilyn Jindal, P.A.<br>1441 West Long Lake Rd., Suite 310<br>Troy, MI 48098<br>(248) 644-6326<br>rchapman@chapmanlawgroup.com<br>cvanthomme@chapmanlawgroup.com |

---

### DEFENDANT CORIZON HEALTH, INC.'S MOTION TO DISMISS AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

NOW COMES Defendant CORIZON HEALTH, INC., by and through its attorneys, CHAPMAN LAW GROUP, and for its Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), states as follows:

1.      Plaintiff Cory Woollard filed his Complaint on May 15, 2018, alleging

an Americans with Disabilities Act ("ADA") claim, a Rehabilitation Act ("RA")

claim, and an Eighth Amendment claim. (**Dkt. No. 1**)

2.      Defendants Corizon Health, Inc.; Mary Greiner, D.O.; Rickey

Coleman, D.O.; and Rosilyn Jindal, P.A. filed a Motion to Dismiss on September 4,

2018. (**Dkt. No. 24**).

3.      Mr. Woollard filed an Amended Complaint on September 17, 2018.

(**Dkt. No. 28**).

4.      The Amended Complaint no longer names Mary Greiner, D.O. and

Rickey Coleman, D.O. as Defendants in this matter. (**Dkt. No. 28**).

5.      The Amended Complaint no longer alleges ADA or RA claims against

Corizon Health, Inc. and Rosilyn Jindal, P.A. (**Dkt. No. 28**).

6.      The Amended Complaint still fails to state a claim upon which relief

may be granted as to his claim against Corizon Health, Inc.

7.      Concurrence in this motion has not been sought as Plaintiff is

proceeding *pro* se and currently incarcerated.

WHEREFORE, Defendant CORIZON HEALTH, INC. respectfully requests

that this Honorable Court grant its Motion to Dismiss, dismiss Plaintiff's claims

against it as set forth herein, and grant any and all such other relief as the Court

deems just and equitable.

Respectfully submitted,
CHAPMAN LAW GROUP

Dated: September 25, 2018

/s/ Carly Van Thomme
Ronald W. Chapman Sr., M.P.A.,
LL.M. (P37603)
Carly Van Thomme (P59706)
Attorneys for Corizon Health, Inc.;
Rickey Coleman, D.O.; Mary Greiner,
D.O.; and Rosilyn Jindal, P.A.
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
rchapman@chapmanlawgroup.com
cvanthomme@chapmanlawgroup.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

Cory Woollard, #247739

      Plaintiff,

v.

Corizon Health, Inc., et al

      Defendants,

Case No.: 2:18-cv-11529

District Judge: Paul D. Borman

Magistrate Judge: Anthony P. Patti

| | |
|---|---|
| CORY WOOLLARD, #247739<br>Gus Harrison Correctional Facility<br>2727 E. Beecher Street<br>Adrian, MI 49221<br>*Pro Se Plaintiff* | CHAPMAN LAW GROUP<br>Ronald W. Chapman Sr., M.P.A.,<br>LL.M (P37603)<br>Carly Van Thomme (P59706)<br>Attorneys for Defendants Corizon Health, Inc.,<br>Rickey Coleman, D.O., Mary Greiner, D.O. |
| MICHIGAN DEPT. OF ATTORNEY GENERAL<br>Elizabeth R. Husa Briggs (P73907)<br>Attorney for MDOC Defendants<br>P.O. Box 30736<br>Lansing, MI 48909<br>(517) 373-6434<br>briggse1@michigan.gov | and Rosilyn Jindal, P.A.<br>1441 West Long Lake Rd., Suite 310<br>Troy, MI 48098<br>(248) 644-6326<br>rchapman@chapmanlawgroup.com<br>cvanthomme@chapmanlawgroup.com |

## BRIEF IN SUPPORT OF DEFENDANT CORIZON HEALTH, INC.'S MOTION TO DISMISS AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

## PROOF OF SERVICE

## **TABLE OF CONTENTS**

INDEX OF AUTHORITIES...................................................................................... iii

EXHIBIT LIST ..................................................................................................iv

STATEMENT OF ISSUES PRESENTED...............................................................v

I. INTRODUCTION AND STATEMENT OF FACTS.............................................1

II. LEGAL STANDARD .........................................................................................1

III. ARGUMENT ......................................................................................................2

IV. RELIEF REQUESTED ...................................................................................4

# INDEX OF AUTHORITIES

## Cases

*Ana Leon T. v. Federal Reserve Bank*, 823 F.2d 928 (6th Cir. 1987)…………...2, 3

*Bell Atlantic Corp. v. Twombly*,550 U.S. 544 (2007)...............................................2

*Connick v. Thompson*, 131 S. Ct. 1350 (2011)…………………………………..3

*Coogan v. City of Wixom*, 820 F.2d 170 (6th Cir. 1987)…………………………...3

*Dunn v. State of Tenn.*, 697 F.2d 121 (1983)……………………………………….2

*Garner v. Memphis Police Dep't*, 8 F.3d 358 (6th Cir. 1993)……………………...3

*Grindstaff v. Green*, 133 F.3d 416 (6th Cir. 1998) ..................................................1

*Monell v. Department of Social Servs.*, 436 U.S. 658 (1978)…………………...2, 3

*New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046 (6th Cir. 2011)………………………………………………………………………………..2

*Patterson v. Novartis Pharmaceuticals Corp.*, 451 F. App'x 495 (6th Cir. 2011)....2

*Thomas v. City of Chattanooga*, 398 F.3d 426(6th Cir. 2005)……………………..3

*Searcy v. City of Dayton*, 38 F.3d 282, 287 (6th Cir. 1994)………………………..2

*Street v. Corrections Corporation of America*, 102 F.3d 810 (6th Cir. 1996)...……5

*Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565 (6th Cir. 2008)…………....2

*Zinermon v. Burch*, 494 U.S. 113, 117, 110 S. Ct. 975 (1990) ...............................1

## Rules
Fed. R. Civ. P. 8 .......................................................................................................2

Fed. R. Civ. P. 12(b)(6)............................................................................................1

## Statutes
42 U.S.C. § 1983 ......................................................................................................2

# EXHIBIT LIST

There are no exhibits to this brief.

## STATEMENT OF ISSUE PRESENTED

1.     WHETHER THE COURT SHOULD DISMISS PLAINTIFF'S EIGHTH AMENDMENT CLAIMS AGAINST CORIZON HEALTH, INC., BECAUSE PLAINTIFF'S AMENDED COMPLAINT FAILED TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED?

DEFENDANT STATES:                                           YES.
PLAINTIFF STATES:                            UNKNOWN

## I. INTRODUCTION AND STATEMENT OF FACTS

Plaintiff Cory Woollard filed his Complaint on May 15, 2018, alleging an Americans with Disabilities Act ("ADA") claim, a Rehabilitation Act ("RA") claim, and an Eighth Amendment claim. (**Dkt. No. 1**) Defendants Corizon Health, Inc.; Mary Greiner, D.O.; Rickey Coleman, D.O.; and Rosilyn Jindal, P.A. filed a Motion to Dismiss on September 4, 2018. (**Dkt. No. 24**)

Mr. Woollard filed an Amended Complaint on September 17, 2018. (**Dkt. No. 28**) The Amended Complaint no longer names Mary Greiner, D.O. and Rickey Coleman, D.O. as Defendants in this matter. (**Dkt. No. 28**) The Amended Complaint no longer alleges ADA or RA claims against Corizon Health, Inc. and Rosilyn Jindal, P.A. (**Dkt. No. 28**)

For the reasons set forth below, the Amended Complaint still fails to state a claim upon which relief may be granted as to his claim against Corizon Health, Inc.

## II. LEGAL STANDARD

### A. Fed. R. Civ. P. 12(b)(6) – Failure to State a Claim

A complaint is subject to dismissal if it does not "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss, the court must accept all well-pleaded allegations as true and construe them in the light most favorable to the Plaintiff. *See Zinermon v. Burch*, 494 U.S. 113, 117 (1990); *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998).

### III. ARGUMENT

**A.    Plaintiff fails to state an Eighth Amendment claim against Corizon Health, Inc.**

Under *Twombly* and *Iqbal*, it is no longer enough for a plaintiff to promise that he will be able to come up with the facts to support a claim following discovery. *See New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1051 (6th Cir. 2011); *Patterson v. Novartis Pharmaceuticals Corp.*, 451 F. App'x 495, 499 (6th Cir. 2011); *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 573 (6th Cir. 2008). Fed. R. Civ. P. 8 does not allow a plaintiff who has nothing but legal conclusions to file a complaint devoid of facts and then conduct discovery to locate support. *See Iqbal*, 556 U.S. at 678-79. While a pro se complaint is read indulgently, it must allege enough facts to state a claim to relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Thus, it is well-established that conclusory, unsupported allegations of constitutional deprivation do not state a claim upon which relief can be granted. *Ana Leon T. v. Federal Reserve Bank*, 823 F.2d 928, 930 (6th Cir. 1987).

Corizon cannot be held liable under the theory of *respondeat superior*. *Monell v. Department of Social Servs.*, 436 U.S. 658, 663 (1978); *Dunn v. State of Tenn.*, 697 F.2d 121, 128 (1983); *Street v. Corrections Corporation of America*, 102 F.3d 810, 817-818 (6th Cir. 1996). Therefore, even if an individual agent of Corizon did

act inappropriately (which Defendants strongly deny), Corizon is not liable for that individual's actions or omissions.

To state a claim of deliberate indifference against Corizon, a plaintiff must plead a claim of a policy, practice, or custom by Corizon that is allegedly unconstitutional, and that explanation must be specific, *i.e.*, "to satisfy the *Monell* requirements a plaintiff must 'identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy.'" *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987)), cert. denied, U.S., 114 S. Ct. 1219, 127 L.Ed.2d 565 (1994) (Emphasis added). *See also, Searcy v. City of Dayton*, 38 F.3d 282, 287 (6th Cir. 1994).

It is insufficient for plaintiffs to make allegations that Corizon has or had some non-specific unconstitutional policy, practice, procedure, or protocol. Plaintiffs are required to <u>identify</u> and <u>connect</u> the allegedly unconstitutional policy to Corizon and demonstrate a <u>pattern</u>. *Connick v. Thompson*, 131 S. Ct. 1350 (2011); *Thomas v. City of Chattanooga*, 398 F.3d 426, 432-433 (6th Cir. 2005).

Plaintiff repeatedly alleges that Corizon "knew" certain facts regarding his medical accommodations and medical assistive devices. (**PageID.201-202**). These allegations suggest a *respondeat* superior claim, which is legally deficient, as explained above. *Monell v. Department of Social Servs.*, 436 U.S. at 663.

3

Plaintiff also alleges the existence of a "recently-enacted policy and custom of scaling back medical assistive devices as a cost-cutting device." (**PageID.201-202**). This conclusory allegation is insufficient to allege the existence of a policy that was the "moving force" behind a violation of the plaintiff's constitutional rights as required for a municipal liability claim. *Maxwell v. Corr. Med. Servs.*, 538 Fed. Appx. 682, 691-692 (6th Cir. 2013).

## IV. RELIEF REQUESTED

In his Amended Complaint, Plaintiff failed state a claim against Corizon Health, Inc. under the ADA or RA. Additionally, Plaintiff has dropped his ADA and RA claims, as well as his Eighth Amendment claims against Dr. Greiner and Dr. Coleman. If the Court grants this Motion, the only claim remaining will be Plaintiff's Eighth Amendment claim against Rosilyn Jindal, P.A.

WHEREFORE, Defendant CORIZON HEALTH, INC. respectfully requests that this Honorable Court grant its Motion to Dismiss, dismiss Plaintiff's claims against it as set forth herein, and grant any and all such other relief as the Court deems just and equitable.

Respectfully submitted,
CHAPMAN LAW GROUP

Dated: September 25, 2018

/s/ Carly Van Thomme
Ronald W. Chapman Sr., M.P.A., LL.M. (P37603)
Carly Van Thomme (P59706)
Attorneys for Corizon Health, Inc.; Rickey Coleman, D.O.; Mary Greiner, D.O.; and Rosilyn Jindal, P.A.
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
rchapman@chapmanlawgroup.com
cvanthomme@chapmanlawgroup.com

## PROOF OF SERVICE

I hereby certify that on September 25, 2018, I presented the foregoing paper to the Clerk of the Court for filing and uploading to the ECF system, which will send notification of such filing to the attorneys of record listed herein and I hereby certify that I have mailed by US Postal Service the document to the involved non participants.

/s/ Carly Van Thomme
Carly Van Thomme (P59706)
Attorneys for Corizon Health, Inc.; Rickey Coleman, D.O.; Mary Greiner, D.O.; and Rosilyn Jindal, P.A.
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
cvanthomme@chapmanlawgroup.com

5