UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CORY WOOLLARD #247739,

    Plaintiff,

v

CORIZON HEALTH INC., RICHARD HARBAUGH, R. COLEMAN, SUBRINA AIKENS, MARY GRENIER, ROSILYN JINDAL, and JANET CAMPBELL,

    Defendants.

No. 2:18-cv-11529

HON. PAUL D. BORMAN

MAG. ANTHONY P. PATTI

---

Cory Woollard #247739
*In Pro Per*
Gus Harrison Correctional Facility
2727 E. Beecher Street
Adrian, MI  49221

Elizabeth R. Husa Briggs (P73907)
Assistant Attorney General
Michigan Department of Attorney General
Attorney for MDOC Defendants
Criminal Appellate Division
P.O. Box 30217
Lansing, MI 48909
(517) 373-4875

CHAPMAN LAW GROUP
Ronald W. Chapman (P37603)
Carly Van Thomme (P59706)
Attorney for Defendants Corizon Health, Dr. Coleman, Dr. Greiner and PA Jindal
1441 West Long Lake Road, Suite 310
Troy, MI  48098
(248) 644-6326

_____/

## MDOC DEFENDANTS HARBAUGH AND CAMPBELL'S MOTION FOR SUMMARY JUDGMENT

MDOC Defendants Richard Harbaugh and Janet Campbell, by

counsel, brings this motion under Fed. R. Civ. P. 10(c) and 56(a),

1

thereby requesting that this Court grant summary judgment in their favor due to the failure of Plaintiff Cory Woollard to comply with the PLRA requirement that he properly exhaust his available administrative remedies.

Defendants adopt and incorporate by reference their Motions for Summary Judgment, and Briefs filed in Support, which were respectively filed on August 9, 2018, and August 27, 2018.  (R.16, 20.) Since the filing these dispositive motions, Plaintiff filed an Amended Complaint (R.28).  Neither Janet Campbell nor ARUS Coleman are named-Defendants in this amendment; however, Defendant Harbaugh remains. (Am. Compl., R.28, Pg. ID # 203, ¶33.)  All MDOC Defendants maintain that summary judgment in their favor is warranted, even in light of the claims raised in the Amended Complaint.

Concurrence in this motion has not been sought because Plaintiff is an incarcerated prisoner proceeding in *pro se.*

                                            Respectfully submitted,

                                            Bill Schuette
                                            Attorney General

                                            *s/Elizabeth R. Husa Briggs*
                                            Elizabeth R. Husa Briggs (P73907)
                                            Assistant Attorney General
                                            Attorney for MDOC Defendants
                                            Criminal Appellate Division
                                            P.O. Box 30217
                                            Lansing, MI 48909
                                            (517) 373-4875
                                            briggse1@michigan.gov
Dated: October 1, 2018                 P73907

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CORY WOOLLARD, #247739,

    Plaintiff,

v

CORIZON HEALTH INC.,
RICHARD HARBAUGH, R.
COLEMAN, SUBRINA AIKENS,
MARY GRENIER, ROSILYN
JINDAL, and JANET
CAMPBELL,

    Defendants.

No. 2:18-cv-11529

HON. PAUL D. BORMAN

MAG. ANTHONY P. PATTI

---

| | |
|---|---|
| Cory Woollard #247739<br>*In Pro Per*<br>Gus Harrison Correctional Facility<br>2727 E. Beecher Street<br>Adrian, MI  49221<br><br>Elizabeth R. Husa Briggs (P73907)<br>Assistant Attorney General<br>Michigan Department of Attorney General<br>Attorney for MDOC Defendants<br>Criminal Appellate Division<br>P.O. Box 30217<br>Lansing, MI 48909<br>(517) 373-4875 | CHAPMAN LAW GROUP<br>Ronald W. Chapman (P37603)<br>Carly Van Thomme (P59706)<br>Attorney for Defendants Corizon Health,<br> Dr. Coleman, Dr. Greiner and PA Jindal<br>1441 West Long Lake Road, Suite 310<br>Troy, MI  48098<br>(248) 644-6326 |

/

**MDOC DEFENDANTS HARBAUGH AND CAMPBELL'S
BRIEF IN SUPPORT OF MOTION
<u>FOR SUMMARY JUDGMENT</u>**

## CONCISE STATEMENT OF ISSUES PRESENTED

A prisoner must exhaust his administrative remedies through all steps of the grievance process before filing a complaint under 42 U.S.C. § 1983. "Proper exhaustion" includes naming all defendants in the Step I grievance report, and filing a Step II appeal if the prisoner is dissatisfied with the Step I grievance response or no response is received within the appropriate timeframe. None of the MDOC Defendants are named in a Step I grievance report filed through the Step III appeal; therefore, summary judgment in their favor is warranted.

# CONTROLLING OR MOST APPROPRIATE AUTHORITY

<u>Adoption by Reference</u>

Fed. R. Civ. P. 10(c) authorizes adoption of a statement in a pleading, or any exhibit thereto, by reference in that same pleading or in a motion.

<u>Exhaustion</u>

*Woodford v. Ngo*, 548 U.S. 81, 90, 92 (2006) (holding that the PLRA requires "proper exhaustion of administrative remedies," which "means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)").

## STATEMENT OF FACTS

This is a civil rights action filed by Plaintiff Cory Woollard, #247739, a prisoner in the custody of the Michigan Department of Corrections (MDOC), who is currently incarcerated at Gus Harrison Correctional Facility (ARF) in Adrian, Michigan. (Compl., R.1, Page ID # 2.)  The alleged incidents underlying the complaint occurred – if at all – at ARF and, also, at Macomb Correctional Facility (MRF) in New Haven, Michigan.  (*Id.*)

On August 9, 2018, MDOC Defendants Campbell and ARUS Coleman filed a Motion for Summary Judgment, with a supporting Brief (R.16), demonstrating that Plaintiff Woollard failed to properly exhaust his claims against them prior to filing this complaint.  MDOC Defendant Richard Harbaugh filed a separate motion for summary judgment on August 27, 2018, based on similar grounds (R.20).

Following these filings, on September 17, 2018, Plaintiff Woollard filed an Amended Complaint.  The only MDOC Defendant named in this amendment is Defendant Harbaugh.  Woollard describes Defendant Harbaugh as "Assistant Chief Medical Officer employed by the MDOC." (Am. Compl., R.28, Pg. ID # 199, ¶10.)  Woollard further alleges that he

1

"knew" that Woollard was a paraplegic who was required to defecate inside his cell, that he was assigned to a cell with "no handsink, toilet or running water" and was required to use waterless foam soap as a basic sanitary measure, and that a "Tens unit was a medically necessary device" to treat the pain that Woollard suffers in his hands as a result of his paralysis. (*Id.* at Pg. ID # 202, ¶¶29-31.) Yet, Plaintiff's accommodation for these items was allegedly revoked. (*Id.* at ¶32.) Based on this, the Amended Complaint asserts a claim against Defendant Harbaugh, Corizon Health, Inc., and Rosilyn Jindal "under the Eighth Amendment." (*Id.* at ¶33.)

Attached as Exhibit A to the Brief filed in Support of MDOC Defendant Janet Campbell and ARUS Coleman's motion for summary judgment is an Affidavit from Carolyn Nelson, MDOC Departmental Analysis, attesting to the Step III grievance report and underlying grievance documents following the Affidavit. (Ex. A to Defs.' Br., R.16-2, Pg. ID ## 70-72.) MDOC Defendant Harbaugh is the signatory to the Step III grievance response on both grievances identified as ARF-17-11-2866-12D and ARF-17-11-2865-12A. (R.16-2, Pg. ID #73, 78.)

2

The Step I report for the first (ARF-17-11-2866-12D), dated November 28, 2017, claims that "PA Jindal revoked [Woollard's] special medical accommodations for a single-person cell, a Tens Unit and foam soap." (R.16-2, Pg. ID # 76.)  He claims this constituted a violation of both the Eighth Amendment and the ADA, and requests termination of PA Jindal and A/CMO R. Coleman in response. (*Id.*)  The denial of the Step I grievance report was upheld through the Step III appeal. (*Id.* at Pg. ID ##73-77.)

The Step I report for the second grievance for which MDOC Defendant Harbaugh served as a Step III respondent (ARF-17-11-2865-12A) follows a similar pattern.  This grievance involved the request for a mattress, and the "grieved parties" are Corizon Health, Inc., and PA Rosilyn Jindal. (R.16-2, Pg. ID # 81.)  Defendant Harbaugh's only involvement is in responding to the Step III appeal. (*Id.* at Pg. ID # 78.)

# ARGUMENT

I. **Summary judgment in the MDOC Defendants' favor is mandated as Woollard failed to exhaust all available administrative remedies with respect to any claim that remains following the filing of the Amended Complaint.**

    A. **Fed. R. Civ. P. 56(a) authorizes summary judgment were, as here, the movant is entitled to judgment as a matter of law.**

Rule 56(a) of the Federal Rules of Civil Procedure provides that this Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Although the evidence must be viewed in the light most favorable to the non-moving party, "[t]he mere existence of a scintilla of evidence in support of the plaintiffs' position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

The MDOC Defendants hereby adopts and incorporates by reference the facts and arguments set forth in their earlier-filed

Motions for Summary Judgment, and the Briefs filed in Support. (R.16, 20) Such incorporation is authorized by Rule 10(c) of the Federal Rules of Civil Procedure, which authorizes adoption by reference of a statement in a pleading in any subsequent pleading or motion.

    **B.   Any claim against Defendant Campbell and ARUS Coleman in this case should be dismissed following the filing of the Amended Complaint.**

Perhaps it goes without saying, but the failure to name either Defendant Campbell or ARUS Coleman as defendants in the Amended Complaint warrants dismissal of any claim against them in this lawsuit. It is beyond travail that "an amended complaint supersedes all prior complaints" and any claim not carried over in an amended complaint is considered dismissed from the lawsuit. *Drake v. City of Detroit,* 266 F. App'x. 444, 447-48 (6th Cir. 2008) (unpublished decision) (Ex. A). In fact, the prior complaint is considered to be "in effect withdrawn as to all matters not restated in the amended pleading." *Fuhrer v. Fuhrer*, 292 F.2d 140, 144 (7th Cir. 1961).

5

Here, neither Defendant Campbell nor ARUS Coleman are named as defendants in the Amended Complaint. Any claim against them should be dismissed.[1]

### C. Woollard's failure to properly exhaust his administrative remedies as to any claim against MDOC Defendant Harbaugh warrants summary judgment in MDOC Defendant Harbaugh's favor.

MDOC Defendant Harbaugh hereby adopts and incorporate by reference the arguments and analysis raised in his previously filed motion. (R.20.)

As explained therein, exhaustion of all available administrative remedies is a pre-requisite for maintaining any claim against a named defendant in this lawsuit. This requirement is mandatory, *Woodford v. Ngo,* 548 U.S. 81, 85 (2006), and grounded in the plain language of the Prisoner Litigation Reform Act, which states, in pertinent part, as follows:

> No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United

---

[1] The MDOC Defendants recognize that Plaintiff is an incarcerated prisoner proceeding *pro se.* In the event the Court would consider any claim against MDOC Defendant Campbell or ARUS Coleman to continue after the Amended Complaint, the MDOC Defendants hereby incorporate by reference their previously filed Motion for Summary Judgment and adopt the arguments raised therein as such arguments are equally applicable to any claim arising from Amended Complaint.

6

> States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. [42 U.S.C. § 1997e(a)]

The requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes" and regardless of the wrong alleged. *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

### D. The PLRA's exhaustion requirement mandates compliance with MDOC's grievance policy.

The standard for determining whether Woollard complied with his duty to exhaust all administrative remedies is his compliance with all steps in the MDOC grievance policy. *Woodford,* 548 U.S. at 90 ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings.")

### E. MDOC policy requires that dates, names, and places of persons involved in alleged activity be included in the Step I grievance report.

As explained in the MDOC Defendants' previously filed Motions, MDOC Policy Directive 03.02.130, "Prisoner/Parolee Grievances"

7

(effective date 07/09/2007) provides the requirements and procedures which Plaintiff must follow in order to satisfy the requirement of proper exhaustion.  Among other things, the policy directive requires inclusion of "[d]ates, times, places and names of all those involved in the issue being grieved" in the Step I grievance report.  (Ex. B to Defs.' Br., R.16-3, Pg. ID # 86.)  It also provides for filing a Step II and Step III appeal in the event the grievant is not satisfied with the response at Step I, or s/he fails receive a timely response at either the Step I or Step II stage. (*Id.,* Pg. ID # 88, 89.)

These requirements are more than just formalities but, rather, essential to the purpose for exhaustion which is to provides MDOC with a "fair opportunity to correct [its] own errors," and create a useful administrative record for any subsequent court action.  *Woodford,* 548 U.S. at 95-96.

### F. Woollard failed to exhaust his administrative remedies with respect to any claim against Defendant Harbaugh.

Defendant Harbaugh is not named in a Step I grievance report as having any involvement in the allegations underlying Woollard's complaint.  He is named only in connection with his response to two

8

grievances on appeal.  This does not constitute proper exhaustion with respect to any claim against Defendant Harbaugh.  (Ex. B to Defs.' Br., R.16-3, Pg. ID # 86-87) (requiring that the Step I report identify the names of persons involved in the issue being grieved); see also *Cummings v. Klee,* No. 14-10957, 2018 U.S. Dist. LEXIS 155478, *20-*22 (E.D. Mich. Aug. 19, 2018) (failure to properly exhaust administrative remedies as to a defendant whose only involvement in the grievance is in the Step II response) (unpublished decision).  (Ex. B.)

Nor is Defendant Harbaugh's involvement here sufficient to state a legally cognizable claim under 42 U.S.C. § 1983.  Denial of a grievance is not in-itself sufficient to establish liability.  *Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir. 1999) (recognizing that denial of administrative grievances insufficient to allege personal involvement for purposes of 42 U.S.C. § 1983); *Lee v. Michigan Parole Board*, 104 Fed. Appx. 490 (6th Cir. 2004) (unpublished decision) (Ex. C) (plaintiff may not base his claim against a defendant based on their denial of an administrative grievance); *Martin v. Harvey,* 14 Fed. App'x. 307, 309-10 (6th Cir. 2001) (unpublished decision) (Ex. D).  In the Amended Complaint, Woollard claims that Defendant Harbaugh had knowledge of the alleged denial of

his special accommodation, but there is no allegation that he participated in this decision – other than in reviewing the Step III appeal of Woollard's grievance on this issue. Indeed, in the Step I report he submitted on this issue (ARF-17-11-2866-12D), he claimed that "PA Jindal" revoked the accommodation for a single-person cell, a Tens Unit and foam soap. (Ex. A to Defs.' Br., R.163-2, Pg. ID # 76.) Knowledge alone is insufficient to proceed against a defendant under Section 1983. *See Henry v. Pogats*, No. 93-2462, 1994 U.S. App. LEXIS 23604, *5-*6 (6th Cir. Aug. 25, 1994) (unpublished decision) (Ex. E).

## CONCLUSION AND RELIEF REQUESTED

For the reasons stated above and in their previously filed motions, which are hereby incorporated by reference pursuant to Fed. R. Civ. P. 10(c), the MDOC Defendants respectfully request this Court grant summary judgment in their favor and dismiss Woollard's claims against them.

Respectfully submitted,

Bill Schuette
Attorney General

*/s/ Elizabeth R. Husa Briggs (P73907)*
Assistant Attorney General
Attorney for MDOC Defendants
Criminal Appellate Division
P.O. Box 30217
Lansing, MI 48909
(517) 373-4875
briggse1@michigan.gov

Dated:  October 1, 2018    P73907

## CERTIFICATE OF SERVICE

I certify that on **October 1, 2018**, I electronically filed **MDOC DEFENDANTS HARBAUGH AND CAMPBELL'S MOTION FOR SUMMARY JUDGMENT, BRIEF IN SUPPORT, INDEX OF EXHIBITS, and EXHIBITS A through E,** with the Clerk of the Court using the ECF system and I certify that my secretary, Joleen McQuiston, has mailed by U.S. Postal Service the papers to the following non-ECF participant(s):

Cory Woollard #247739
*In Pro Per*
Gus Harrison Correctional Facility
2727 E. Beecher Street
Adrian, MI  49221

*s/ Elizabeth R. Husa Briggs*
Assistant Attorney General
Criminal Appellate Division
P.O. Box 30217
Lansing, MI  48909
briggse1@michigan.gov
(517) 373-4875
P73907