UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CORY WOOLLARD,

              Plaintiff                       Case No. 2:18-cv-11529
                                         District Judge Paul D. Borman
v.                                    Magistrate Judge Anthony P. Patti

CORIZON HEALTH, INC.,
RICHARD HARBAUGH,
R. COLEMAN,
SUBRINA AIKENS,
MARY GRENIER,
ROSILYN JINDAL,
JANET CAMPBELL, et al.,

              Defendants.
_____/

## REPORT AND RECOMMENDATION TO DENY AS MOOT SEVERAL DISPOSITIVE MOTIONS (DEs 16, 20, 24 & 34)

I.    **RECOMMENDATION**:  For the reasons stated below, the Court should

**DENY AS MOOT** Defendants Campbell & Coleman's August 9, 2018 motion for

summary judgment (DE 16), Defendant Harbaugh's August 27, 2018 motion for

summary judgment (DE 20), Defendants Corizon Health, Coleman, Greiner and

Jindal's September 4, 2018 motion to dismiss (DE 24), and Defendant Aiken's

October 17, 2018 motion to dismiss (DE 34).  Defendant Corizon Health's

September 25, 2018 motion to dismiss the amended complaint (DE 29) and

Defendants Campbell and Harbaugh's October 1, 2018 motion for summary judgment (DE 30) will be addressed under separate cover.

## II.   REPORT

### A.   The Original Complaint

Cory Woollard is currently incarcerated at the Michigan Department of Corrections (MDOC) Gus Harrison Correctional Facility (ARF) in Adrian, Michigan.  *See* www.michigan.gov/corrections, "Offender Search."  On May 15, 2018, while incarcerated at ARF, Plaintiff filed this lawsuit *in pro per* against seven named Defendants:  (1) Corizon Health, Inc.; (2) Richard Harbaugh; (3) R. (Rickey) Coleman; (4) Subrina Aikens (Aiken); (5) Mary Grenier (Greiner); (6) Rosilyn Jindal; and, (7) Janet Campbell.  (DE 1 at 1, DE 1 ¶¶ 27-33; *see also* DE 10, 11 & 33.)  He identifies himself as a paraplegic and, *inter alia*, claims that his "bedsores are manageable when he is provided with a proper mattress[.]"  (DE 1 ¶¶ 8-26.)  His six causes of action are based upon the Eighth Amendment, the Americans with Disabilities Act, and the Rehabilitation Act.  (DE 1 ¶¶ 34-64.)  Plaintiff seeks injunctive and monetary relief, as well as an award of costs and attorney fees.  (DE 1 at 11.)

As to the original complaint, Defendants Campbell & Coleman filed a motion for summary judgment on August 9, 2018 (DE 16), Defendant Harbaugh filed a motion for summary judgment on August 27, 2018 (DE 20), and Defendants

Corizon, Coleman, Greiner, and Jindal filed a motion to dismiss on September 4, 2018 (DE 24).[1]

### B.   The Amended Complaint

On September 17, 2018, Plaintiff filed an amended verified complaint against named Defendants Corizon Health, Inc., Richard Harbaugh, and Rosilyn Jindal.  (DE 28 ¶¶ 9-11.)  Similar to his original complaint, the underlying facts span the period from 2016, when he was incarcerated at Macomb Correctional Facility (MRF), through November 2017, at which point he was housed at ARF. (DE 28 ¶¶ 12-22.)  Plaintiff's two causes of action are based upon the Eighth Amendment.  (DE 28 ¶¶ 23-33.)  As with his original complaint, Plaintiff seeks injunctive and monetary relief, as well as an award of costs and attorney fees.  (DE 28 at 7.)

Defendant Corizon has filed a motion to dismiss the amended complaint (DE 29), Defendants Campbell and Harbaugh have filed a motion for summary judgment (DE 30), and Defendant Aiken has filed a motion to dismiss (DE 34).

### C.   Discussion

Judge Borman has referred this case to me for all pretrial proceedings. Given the procedural history of this case, I recommend that the Court deny as moot

---

[1] Although Defendant Aiken signed the waiver of the service of summons on July 27, 2018, she did not appear in this case until October 2018.  (DEs 32, 33, 34.)

four of the six pending motions.  First, "[n]ormally, an amended complaint

supersedes the original complaint."  *Pac. Bell Tel. Co. v. Linkline Commc'ns, Inc.*,

555 U.S. 438, 456 n.4 (2009).  *See also* E.D. Mich. LR 15.1 ("Any amendment to a

pleading, whether filed as a matter of course or upon a motion to amend, must,

except by leave of court, reproduce the entire pleading as amended, and may not

incorporate any prior pleading by reference.").  Thus, the first three motions relate

to a now-inoperative pleading.  (DEs 16, 20, 24.)

Second, Coleman, Aiken, Greiner, and Campbell are not named as

Defendants in the amended complaint.  (DE 28 at 1, DE 28 ¶¶ 9-11.)  *See also* Fed.

R. Civ. P. 10(a).  Thus, there is no need for the Court to address motions filed by

now-inactive Defendants, such as Defendants Campbell & Coleman's motion for

summary judgment (DE 16), the September 4, 2018 motion to dismiss to the extent

it relates to Defendants Coleman and Greiner (DE 24), or Defendant Aiken's

October 17, 2018 motion to dismiss (DE 34).  In fact, Plaintiff acknowledges that

his amended complaint "narrowed the named defendants in this action" to Corizon,

Harbaugh, and Jindal.  (DE 38 at 2; *see also* DE 36 at 1.)

Finally, no Defendant has filed an objection to Plaintiff's September 17,

2018 amended complaint.  Since that time, Defendants have only filed dispositive

motions or replies thereto.  (*See* DEs 29, 30, 34, 39, 40.)  As it turns out, the three

Defendants named in the amended complaint have filed motions that will remain pending if the Court accepts and adopts this report and recomendation.

### D.    Conclusion

In sum, the Court should **DENY AS MOOT** Defendants Campbell & Coleman's August 9, 2018 motion for summary judgment (DE 16), Defendant Harbaugh's August 27, 2018 motion for summary judgment (DE 20), Defendants Corizon Health, Coleman, Greiner and Jindal's September 4, 2018 motion to dismiss (DE 24), and Defendant Aiken's October 17, 2018 motion to dismiss (DE 34), because the motion either relates to a now-inoperative pleading and/or because the motion is filed on behalf of a now-inactive Defendant.  However, Defendant Corizon Health's September 25, 2018 motion to dismiss the amended complaint (DE 29) and Defendants Campbell and Harbaugh's October 1, 2018 motion for summary judgment (DE 30) should remain pending and will be addressed under separate cover.

## III.   PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health &*

*Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.* Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.* If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: November 19, 2018        s/*Anthony P. Patti*
                                    Anthony P. Patti
                                    UNITED STATES MAGISTRATE JUDGE

**<u>Certificate of Service</u>**

I hereby certify that a copy of the foregoing document was sent to parties of record on November 19, 2018, electronically and/or by U.S. Mail.

<div style="margin-left: 40%;">

s/Michael Williams
Case Manager for the
Honorable Anthony P. Patti

</div>