UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CORY WOOLLARD,

        Plaintiff

v.

CORIZON HEALTH, INC.,
RICHARD HARBAUGH,
R. COLEMAN,
SUBRINA AIKENS,
MARY GRENIER,
ROSILYN JINDAL,
JANET CAMPBELL, et al.,

        Defendants.
_____/

Case No. 2:18-cv-11529
District Judge Paul D. Borman
Magistrate Judge Anthony P. Patti

**ORDER GRANTING PLAINTIFF'S NOVEMBER 19, 2018 MOTION (DE 42) TO HOLD IN ABEYANCE THE COURT'S RULING ON DEFENDANT HARBAUGH'S MOTION FOR SUMMARY JUDGMENT (DE 30)**

### A.    Background

Judge Borman has referred this case to me for pretrial matters. Plaintiff's

September 17, 2018 amended complaint, *i.e.*, the operative pleading, alleges

violations of the Eighth Amendment and names three Defendants: (1) Corizon

Health, Inc.; (2) Richard Harbaugh; and, (3) Rosilyn Jindal. (DE 28.)

I recently entered a report and recommendation that the Court deny as moot

several motions to dismiss, because the motions either relate to a now-inoperative

pleading and/or were filed on behalf of a now-inactive Defendant. (*See* DE 41.) I

1

still must still issue a report and recommendation as to: (1) Defendant Corizon Health's September 25, 2018 motion to dismiss the amended complaint (DE 29), regarding which Plaintiff has filed a response (DE 37) and Defendant Corizon has filed a reply (DE 40); and, (2) Defendants Campbell and Harbaugh's October 1, 2018 motion for summary judgment (DE 30), regarding which Plaintiff has filed a response (DE 36) and Defendants Aikens, Campbell and Harbaugh have filed a reply (DE 39).

### B.    Instant Motion

By way of background, the briefing in the MDOC Defendants' pending dispositive motion raises questions about party identification. Defendants Harbaugh and Campbell's October 1, 2018 motion for summary judgment contends, *inter alia*, that "Defendant Harbaugh's only involvement is in responding to the Step III appeal." (DE 30 at 9.) Plaintiff's October 19, 2018 response refers to Defendant Harbaugh as the Assistant Chief Medical Officer (ACMO). (DE 36 at 2-3.) In the MDOC Defendants' October 30, 2018 reply, they contend that "[t]he only issue in dispute is whether 'ACMO' in each of the following notes taken from Step I and Step II responses to Plaintiff's grievances refers to Defendant Richard Harbaugh." (DE 39 at 2; *see also* DE 42 at 2.)

At that point, it seems that Plaintiff began to doubt whether he had named the proper Defendant. Currently before the Court is Plaintiff's November 19, 2018

motion to hold in abeyance the Court's ruling on Defendant Harbaugh's motion for summary judgment, wherein Plaintiff claims that "the identity of the actual ACMO referred to in the grievance responses is of paramount importance to Plaintiff's lawsuit[,]" and contends that he "is entitled to the disclosure of this information . . . ." (DE 42 at 3.)

### C. Discussion

In a sense, this appears to be an attempt by Plaintiff to assert that he "cannot present facts essential to justify [hi]s opposition . . ." to Defendants Harbaugh and Campbell's October 1, 2018 motion for summary judgment. Fed. R. Civ. P. 56(d). However, Plaintiff has not shown this "by affidavit or declaration . . . ." *Id*. Therefore, to the extent, if at all, that Plaintiff is relying upon Rule 56(d), the Court will not grant Plaintiff's requested relief.

Moreover, Plaintiff claims that he has served a related Fed. R. Civ. P. 26 discovery request. (DE 42 at 3, 9.) Assuming Plaintiff properly served Defendants with a related interrogatory in mid-November 2018 (*see* DE 42 at 10) and under ordinary circumstances, Defendants' response would be due in mid-December 2018. *See* Fed. R. Civ. P. 33(b)(2). Thus, Plaintiff may soon be provided with the information he seeks. In other words, to the extent that Plaintiff seeks to compel information that was only recently requested through discovery, and for which the response deadline has yet to arrive, his request is not ripe.

3

**D.    Conclusion**

Even though Plaintiff's instant motion does not meet with Fed. R. Civ. P.

56(d)'s requirements, and even though the information sought by Plaintiff's

purported discovery request is not yet due, the prudent approach under this case's

procedural history is to briefly delay consideration of the October 1, 2018 motion

(DE 38) - regarding which briefing has already closed - while Plaintiff's apparently

pending attempt to secure "the identity of the actual ACMO referred to in the

grievance responses . . . [,]" (DE 42 at 3), runs its course.

**E. Order**

Upon consideration, Plaintiff's motion (DE 30) to hold the October 1, 2018

motion for summary judgment in abeyance is **GRANTED**.  In alignment with

Plaintiff's specific requests (*see* DE 42 at 3-4), the Court notes that, by mid-

December 2018, Defendants may well provide Plaintiff with the information he

seeks – "the identity of the ACMO referred to in the grievance responses . . . ."

(DE 42 at 3).  However, if Plaintiff does not receive a timely response to his

above-described discovery request, then, no later than **Wednesday, January 2,**

**2019**, he may file a related motion to compel.  Finally, if either of these avenues

produces information that warrants an amended or supplemental pleading or

briefing, then Plaintiff may promptly file an appropriate motion in accordance with

Fed. R. Civ. P. 15 and/or a sur-reply brief in response to the pending summary

judgment motion, on or before **February 1, 2018**.  Any such sur-reply brief will be

limited to **3 pages** maximum.  In order to accommodate this timeline, the

Undersigned will issue a report and recommendation regarding Defendants'

motion (DE 30) no earlier than **Thursday, February 28, 2019**.

      **IT IS SO ORDERED.**

Dated: November 28, 2018          s/*Anthony P. Patti*
                                   Anthony P. Patti
                                   UNITED STATES MAGISTRATE JUDGE

## Certificate of Service

I hereby certify that a copy of the foregoing document was sent to parties of record
on November 28, 2018, electronically and/or by U.S. Mail.

                                   s/Michael Williams
                                   Case Manager for the
                                   Honorable Anthony P. Patti