UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CORY WOOLLARD,

    Plaintiff

v.

CORIZON HEALTH, INC.,
RICHARD HARBAUGH,
R. COLEMAN,
SUBRINA AIKEN,
MARY GREINER,
ROSILYN JINDAL,
JANET CAMPBELL, et al.,

    Defendants.
_____/

Case No. 2:18-cv-11529
District Judge Paul D. Borman
Magistrate Judge Anthony P. Patti

# STATUS CONFERENCE ORDER SUBSTITUTING RICKEY COLEMAN FOR RICHARD HARBAUGH IN THE FIRST AMENDED COMPLAINT (DE 28) AND GIVING SERVICE AND DISCOVERY DIRECTIVES

**A. Plaintiff's first amended complaint, the operative pleading, names three Defendants.**

Judge Borman has referred this case to me for pretrial matters. In his original complaint, Plaintiff named seven Defendants: (1) Corizon Health, Inc.; (2) Richard Harbaugh; (3) R. Coleman; (4) Subrina Aiken; (5) Mary Greiner; (6) Rosilyn Jindal; and, (7) Janet Campbell. He also mentioned "unknown parties." (DE 1 at 1.) Corizon Health, Coleman, Greiner and Jindal ("the Corizon

1

Defendants") are represented by counsel, as are Harbaugh, Aiken and Campbell ("the MDOC Defendants"). (DEs 10, 11, 18, 33.)[1]

Plaintiff's September 17, 2018 first amended complaint (FAC) alleges violations of the Eighth Amendment and names three Defendants: (1) Corizon Health; (2) Harbaugh; and, (3) Jindal. (DE 28 at 1.) Generally, "an amended complaint supersedes all prior complaints." *Drake v. City of Detroit, Michigan*, 266 F. App'x 444, 448 (6th Cir. 2008). Thus, <u>the filing of Plaintiff's FAC effectively terminated Coleman, Aiken, Greiner, and Campbell as Defendants</u>.[2]

**B.     Plaintiff sought to file a second amended complaint but did not comply with the Court's resulting order.**

Plaintiff sought leave to file a second amended complaint (SAC), and the accompanying verified, proposed SAC named eight Defendants. (DE 44, DE 44-1.) Following the Undersigned's report and recommendation (DE 50), on June 12, 2019, Judge Borman (DE 53) parsed the proposed SAC (*see* DE 44-1) and permitted Plaintiff to file a conforming SAC (proceeding as to 4 of the 8

---

[1] The original complaint lists "R. Coleman" as a Defendant. (DE 1 at 1.) As explained in my report and recommendation, there was some confusion over the identification of R. Coleman. (DE 50 at 13-14.) Also, while counsel did not file a separate notice of appearance on behalf of Campbell, Campbell is a party to two dispositive motions which were filed by counsel. (*See* DEs 16, 30.)

[2] Consistently, defense counsel's September 23, 2019 attorney appearance is limited to Defendants Corizon and Jindal, *i.e.*, it does not include Coleman or Greiner. (DE 56.)

Defendants) within 28 days. Plaintiff did not do so. As such, the FAC remains the operative pleading.

**C.     Plaintiff agreed to substitute Rickey Coleman for Harbaugh in the FAC.**

On September 24, 2019, I conducted a status conference, at which Plaintiff appeared by video and attorneys Jonathan C. Lanesky and Joseph Yung-Kuang Ho appeared in person. Following a discussion regarding why the FAC remains the operative pleading, Plaintiff agreed to substitute Coleman for Harbaugh in the FAC, presumably because Rickey Coleman is the Assistant Chief Medical Officer (ACMO). (*See* DE 53 at 2-3.)

**D.     Order**

Upon consideration, Rickey Coleman is substituted for Harbaugh in the FAC. No later than Tuesday, October 1, 2017, Corizon's counsel will inform the Court whether it will accept service of the FAC for Defendant Coleman. Once Coleman has been served with a summons and complaint or executes an appropriate waiver, then the Court will enter an order that provides for 60 days of discovery following by 30 days within which to file a dispositive motion.

**IT IS SO ORDERED.**

Dated: September 27, 2019         s/*Anthony P. Patti*
                                  Anthony P. Patti
                                  UNITED STATES MAGISTRATE JUDGE

3