UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CORY WOOLLARD,

           Plaintiff                      Case No. 2:18-cv-11529
                                       District Judge Paul D. Borman

v.                                    Magistrate Judge Anthony P. Patti

CORIZON HEALTH, INC.,
RICKEY COLEMAN, and
ROSILYN JINDAL,

           Defendants.
_____/

## REPORT AND RECOMMENDATION TO TERMINATE CERTAIN DEFENDANTS

**I.**    **RECOMMENDATION:**  The Court should:  **(a)** terminate R. Coleman, Subrina Aikens, Mary Grenier and Janet Campbell as Defendants; **(b)** substitute Rickey Coleman for Richard Harbaugh; and, **(c)** accordingly, dismiss Defendant Harbaugh with prejudice.

**II.**    **REPORT:**

In his original complaint, Plaintiff named seven Defendants.  (ECF 1 at 1.) Plaintiff's September 17, 2018 first amended complaint (FAC) alleges violations of the Eighth Amendment and names three Defendants:  (1) Corizon Health; (2) Harbaugh; and, (3) Jindal.  (ECF 28 at 1.)  Generally, "an amended complaint supersedes all prior complaints." *Drake v. City of Detroit, Michigan*, 266 F. App'x

444, 448 (6th Cir. 2008).  Thus, the filing of Plaintiff's FAC effectively terminated R. Coleman, Subrina Aikens (Aiken), Mary Grenier (Greiner), and Janet Campbell as Defendants.

Plaintiff sought leave to file a second amended complaint (SAC), but he did not comply with the Court's resulting order.  (*See* ECFs 44, 53.)  As such, the FAC remains the operative pleading.  On September 24, 2019, I conducted a status conference, at which Plaintiff appeared by video and attorneys Jonathan C. Lanesky and Joseph Yung-Kuang Ho appeared in person.  Following a discussion regarding why the FAC remains the operative pleading, Plaintiff agreed to dismiss Harbaugh with prejudice and substitute Coleman for Harbaugh in the FAC, presumably because Rickey Coleman is the Assistant Chief Medical Officer (ACMO).  (*See* DE 53 at 2-3.)

For these reasons, the Court should:  **(a)** terminate R. Coleman, Subrina Aikens, Mary Grenier and Janet Campbell as Defendants; **(b)** substitute Rickey Coleman for Richard Harbaugh; and, **(c)** accordingly, dismiss Defendant Harbaugh with prejudice.

## D.    PROCEDURE ON OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule

72.1(d).  Failure to file specific objections constitutes a waiver of any further right

of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health &*

*Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some

issues but fail to raise others with specificity will not preserve all the objections a

party might have to this Report and Recommendation.  *Willis v. Sec'y of Health &*

*Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of*

*Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987).  Pursuant to Local Rule

72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No.

2," *etc.*  Any objection must recite precisely the provision of this Report and

Recommendation to which it pertains.  Not later than 14 days after service of an

objection, the opposing party may file a concise response proportionate to the

objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR

72.1(d).  The response must specifically address each issue raised in the objections,

in the same order, and labeled as "Response to Objection No. 1," "Response to

Objection No. 2," *etc.*  If the Court determines that any objections are without

merit, it may rule without awaiting the response.

Dated: October 2, 2019                    _____

                                          Anthony P. Patti
                                          UNITED STATES MAGISTRATE JUDGE