UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CORY WOOLLARD,

       Plaintiff

v.

CORIZON HEALTH, INC.,
RICKEY COLEMAN, and
ROSILYN JINDAL,

       Defendants.
_____/

Case No. 2:18-cv-11529
District Judge Paul D. Borman
Magistrate Judge Anthony P. Patti

## ORDER DENYING IN PART and DEEMING RESOLVED IN PART PLAINTIFF'S JANUARY 10, 2020 MOTION FOR AN ORDER TO COMPEL DISCOVERY (ECF No. 63)

### A. Background

Cory Woollard filed the instant lawsuit *in pro per* on May 15, 2018. (ECF No. 1.) His September 17, 2018 amended complaint, which is the operative pleading, alleges violations of the Eighth Amendment and names three Defendants: (1) Corizon Health, Inc.; (2) Richard Harbaugh; and, (3) Rosilyn Jindal. (ECF No. 28.) In October 2019, Rickey Coleman was substituted for Richard Harbaugh. (ECF Nos. 60, 62.)

Each of the Defendants has appeared via counsel. (ECF Nos. 10, 11, 56, 57, 58, 64, 65.) The deadline for the completion of discovery is June 18, 2020, and the

1

deadline for all motions, including dispositive motions, is July 20, 2020. (ECF No. 67.)

### B. Discovery Requests

Plaintiff served six requests for production of documents (presumably to Defendant Corizon Health, Inc.), six requests for admission to Coleman, and eleven requests for admission to Jindal. (ECF No. 66-1.) Defendants' combined response is dated November 27, 2019. (ECF No. 66-2.)

It seems that Plaintiff wrote to defense counsel on December 9, 2019. (ECF No. 63, PageID.489) By a letter dated December 18, 2019, defense counsel responded that, as to the second and third interrogatories, there were "no responsive documents pursuant to your request for such emails from Ms. Jindal." (*Id.*) As to Defendants Coleman and Jindal's responses to the requests for admissions, defense counsel explained: "we do not waive the objections to the Request for Admissions, since without a specific date of service we cannot answer the request as written as it would require speculation." (*Id.*)

### C. Instant Motion

Judge Borman has referred this case to me for pretrial matters. (ECF No. 7.) Currently before the Court is Plaintiff's January 10, 2020 motion for an order to compel discovery, which concerns three requests to produce email exchanges and four requests for admission. (ECF No. 63, PageID.484-488.)

2

Defendants submitted a supplemental response on January 22, 2020. (ECF No. 66-3, PageID.525-527.) Two days later, on January 24, 2020, Defendants filed a response to Plaintiff's motion. (ECF No. 66, PageID.503-504.) Plaintiff's reply was filed on February 19, 2020, although it was dated February 10 and post-marked February 13. (ECF No. 68.)

**D.      Discussion**

    **1.      The three requests to produce copies of emails**

Three of the Requests to Produce seek copies of "all e-mail exchanges *between . . .* Jindal" and various others "pertaining to Plaintiff between the dates October 1, 2017 until October 1, 2019[.]" (ECF No. 66-1, PageID.506 (emphasis added).) As to each of these, Defendants formally responded on November 27, 2019 or as supplemented on January 22, 2020: "There are no documents responsive to this request." (ECF No. 66-2, PageID.514-515; ECF No. 66-3, PageID.525-526.)

Even if Plaintiff's motion takes issue with defense counsel's December 18, 2019 less formal colloquy, when the parties were conferring by correspondence in advance of the instant motion, that "there are no responsive documents pursuant to your request for such emails *from* Ms. Jindal[,]" the actual written responses to these requests were not "textually limited." (ECF No. 63, PageID.485, 489 (emphasis added).) The responses are signed by counsel, either by his own hand or

3

with permission, and the Court must take him at his word. (ECF No. 66-2, PageID.521; ECF No. 66-3, PageID.527.) Put another way, the Court cannot compel Defendants "to produce the threaded emails, *i.e.*, the original emails in addition to all replies and forwards[,]" (ECF No. 63, PageID.486), if there are no such documents.

### 2. The four allegedly "vague and ambiguous" requests for admission

#### a. Requests to Admit (a) and (b) to Coleman

Plaintiff asked Coleman to admit that, "at the time [he] issued the deferrals for the special accommodations cited in the complaint filed in this matter," he:

- [was] aware of the fact that Plaintiff was a T 7 paraplegic, paralyzed from the breastbone down, and that this condition was likely permanent[;] [and,]

- had no information that Plaintiff's medical condition had improved to the point where he [no] longer required these accommodations.

(ECF No. 66-1, PageID.508.) Although defense counsel originally objected to these requests to admit as "vague and ambiguous" for not specifying "a date of service," (ECF No. 66-2, PageID.516-517), the supplemental response, signed by defense counsel, responds to these requests as follows:

- Defendant objects to this request on the basis that Plaintiff's MDOC medical records speak for themselves and no response is required. To the extent a response is required, Defendant admits Plaintiff was a paraplegic.

- Defendant objects to this request on the basis that Plaintiff's MDOC medical records speak for themselves and no response is required. To the extent a response is required, as stated in his November 15, 2017 ACMO review, Defendant deferred the single person cell as Plaintiff did not meet the MDOC requirements for such accommodation. Defendant deferred the TENS unit as the MDOC does not allow the TENS unit. Defendant asked for more information as to why Plaintiff required foam soap instead of regular soap. Defendant denies the request in all other aspects.

(ECF No. 66-3, PageID.526-527; *see also* ECF No. 28, PageID.201 ¶ 21.)

Plaintiff's January 10, 2020 motion is based on the initial response, which was supplemented on January 22, 2020. (ECF No. 63, PageID.487.) Since then, the written response has been supplemented, and Defendants' motion response explains the supplementation. (ECF No. 66, PageID.503; ECF No. 66-3, PageID.526-527.) As Plaintiff points out in his reply, "the issue of discovery as to Defendant Coleman [is] resolved . . ." as to these two requests to admit. (ECF No. 68, PageID.533.)

### b. Requests to Admit (a) and (b) to Jindal

Plaintiff claims to have asked the same requests of Jindal. (ECF No. 63, PageID.487.) However, as Defendants point out, this is not so. (ECF No. 66, PageID.503-504; *compare* ECF No. 66-1, PageID.508, with ECF No. 66-1, PageID.510.) Thus, Plaintiff's motion is denied to the extent it asks the Court to compel Jindal to answer a request to admit that has not yet been posed to her.

5

Plaintiff's reply confirms the Court's suspicion that Plaintiff intended to refer to the 1st and 2nd requests to admit that he did post to Jindal:

- Please ADMIT that, as a result of your personal examination of Plaintiff and review of his medical history, you were aware of the fact that Plaintiff was a T 7 paraplegic, paralyzed from the breastbone down.

- Please ADMIT that, as a result of your personal examination of Plaintiff and review of his medical history, you were aware of the fact that Plaintiff's condition as a paraplegic was likely permanent.

(ECF No. 66-1, PageID.510-511; ECF No. 68, PageID.534.) The response, signed by defense counsel, states as to each of these requests: "Defendant objects to this request on the basis that it is vague and ambiguous in that it does not specify a *date of service*." (ECF No. 66-2, PageID.518 (emphasis added).)

Given that Coleman and Jindal each initially objected to the 1st and 2nd requests to admit posed to them as "vague and ambiguous," Plaintiff wonders why Jindal cannot supplement her answer, as Coleman did. (ECF No. 68, PageID.535.) However, Defendants have already explained that their review of the amended complaint enabled them to discern the date referenced in the discovery requests to Coleman. (ECF No. 66, PageID.503.) In the Undersigned's opinion, requiring Jindal to respond to these requests to admit, as they are currently drafted, would require her to speculate as to the date of the personal examination to which the requests refer. (ECF No. 66, PageID.504.) Of course, because the discovery

deadline has now been set for June 18, 2020, Plaintiff remains free to serve another, more specific request to admit.

E. **Order**

Accordingly, Plaintiff's January 10, 2020 motion for an order to compel discovery (ECF No. 63) is **DENIED** as to the three requests to produce copies of emails**, DEEMED RESOLVED** as to the 1st and 2nd requests to admit to Coleman, and **DENIED** to the extent it is based on the 1st and 2nd requests to admit to Jindal.

**IT IS SO ORDERED.**

Dated: February 21, 2020

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE