UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

| Cory Woollard | |
|---|---|
| Plaintiff, | Case No. 18-cv-11529 |
| v. | Paul D. Borman<br>United States District Judge |
| Corizon Health, Inc., Rickey Coleman, and Rosilyn Jindal | |
| Defendant. | Anthony P. Patti<br>United States Magistrate Judge |

**OPINION AND ORDER**

1) **GRANTING DEFENDANT COLEMAN'S FIRST OBJECTION: ACCEPTING AND CONSIDERING DEFENDANTS' REPLY BRIEF (ECF No. 75);**

2) **REJECTING DEFENDANT COLEMAN'S SECOND OBJECTION TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION SUSTAINING PLAINTIFF'S EIGHTH AMENDMENT CLAIM IN COUNT II WITH REGARD TO HIS CRITICAL NEED FOR FOAM SOAP (ECF No. 77);**

3) **ADOPTING MAGISTRATE JUDGE PATTI'S JANUARY 7, 2021 REPORT AND RECOMMENDATION (ECF No. 76) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT.**

## I. Background

Plaintiff Cory Woollard, a paraplegic who is currently incarcerated, initiated the instant civil rights lawsuit pursuant to 28 U.S.C. § 1983, on May 15, 2018 against seven Defendants. (ECF No. 1.) On September 17, 2018, Plaintiff filed an amended verified complaint, which named three Defendants: (1) Corizon Health, Inc.; (2) Richard Harbaugh; and (3) Rosilyn Jindal. (ECF No. 28.) Assistant Chief Medical Officer (ACMO) Rickey Coleman has been substituted for Defendant Harbaugh. Plaintiff asserts two Counts alleging violations of the Eighth Amendment provision against infliction of cruel and unusual punishment: (I) Defendants Corizon and Jindal were deliberately indifferent to Plaintiff's medical need for a suitable air mattress; and (II) All three Defendants were deliberately indifferent to Plaintiff's medical need for waterless foam soap, and for a Transcutaneous Electrical Nerve Stimulation (TENS) unit. (ECF No. 28.)

On January 7, 2021, Magistrate Judge Anthony P. Patti issued a Report and Recommendation to Grant in part and Deny in part Defendants Jindal, Coleman, and Corizon Health's Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56. (ECF No. 76.) Specifically, the Magistrate Judge recommends that Defendants Jindal and Corizon Health are entitled to summary judgment on Count I, which concerns a suitable air mattress; that Defendants Corizon Health, Coleman, and Jindal are entitled to summary judgment on the portion of Count II related to the

TENS unit; but that Plaintiff should be permitted to proceed with the portion of Count II related to the foam soap order as to Defendant Coleman, but not as to Defendant Jindal or Defendant Corizon Health.

On January 21, 2021, Defendant Dr. Rickey Coleman filed two objections to the Report and Recommendation. (ECF No. 77.) Plaintiff filed a Response to Defendant Coleman's Objections. (ECF No. 78.)

The pertinent background facts of this matter are set forth in detail in the Magistrate Judge's Report and Recommendation and the Court adopts them in full.

## II. Standard of Review

Pursuant to Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1), the Court conducts a *de novo* review of the portions of the Magistrate Judge's Report and Recommendation to which a party has filed "specific written objection" in a timely manner. *Lyons v. Comm'r Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004). Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004).

Under Fed. R. Civ. P. 56, summary judgment is proper if the moving party demonstrates there is no genuine issue as to any material fact. The Supreme Court has interpreted this to mean that summary judgment is appropriate if the evidence is such that a reasonable jury could find only for the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The moving party has "the burden of showing the absence of a genuine issue as to any material fact." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). In a 42 U.S.C. § 1983 case, in order to find any defendant liable, liability "must be based on the actions of that defendant in the situation that the defendant faced, and not based on any problems caused by the errors of others." *Gibson v. Matthews*, 926 F.2d 532, 535 (6th. Cir. 1991).

### III. Analysis
#### a. Objection 1 Regarding Defendants' Reply Brief.

In the Report and Recommendation, Magistrate Judge Patti concluded that Defendants' Reply brief was "tardy and, therefore, has not been considered in this report and recommendation." (ECF No. 76 PageID.758.) This Court, in its discretion, has accepted and read the Reply brief, thereby granting Defendant's Objection to that portion of the Magistrate Judge's Report and Recommendation.

Accordingly, Defendant's first Objection is GRANTED.

#### b. Objection 2 – The Magistrate Judge Erred in Concluding Dr. Coleman was Deliberately Indifferent to Mr. Woollard's Need for Waterless Soap.

The Court adopts the Magistrate Judge's conclusion that Defendant Coleman is not entitled to summary judgment on this paraplegic inmate Plaintiff's claim that Coleman was deliberately indifferent to Plaintiff's critical need for waterless foam soap for the reasons stated in the Magistrate Judge's Report and Recommendation. (ECF No. 76.) Defendant Coleman was aware that Plaintiff Woollard had been receiving a monthly bottle of foam soap since March 31, 2014, and Defendant Coleman deliberately rejected Plaintiff's continuing requests for foam soap which is necessary for the Plaintiff to cleanse himself after defecating. Simply put, bar soap is not a reasonable substitute, and Dr. Coleman's refusal to continue providing waterless foam soap exhibits a deliberate indifference to this paraplegic inmate's medical need to avoid infection since he did not have a sink, toilet, or running water in his cell.

Accordingly, Defendant's Second Objection is REJECTED.

## IV. Conclusion

(1) Defendant Coleman's First Objection regarding the Magistrate Judge's striking of Defendants' Reply brief as tardy is GRANTED;

(2) Defendant Coleman's Second Objection regarding the Magistrate Judge's ruling with regard to Plaintiff's critical need for foam soap is REJECTED;

(3) Defendants' Motion for Summary Judgment is GRANTED in large part, and DENIED in part as to the Portion of Count II against Defendant

Coleman related to his unjustified refusal to continue provision of waterless foam soap, thereby being deliberately indifferent to the substantial risk of serious infection to this paraplegic inmate.

SO ORDERED.

                                                s/Paul D. Borman
                                                Paul D. Borman
                                                United States District Judge

Dated: May 7, 2021