UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

| | |
|---|---|
| Cory Woollard<br>          Plaintiff, | Case No. 18-cv-11529 |
| v. | Paul D. Borman<br>United States District Judge |
| Corizon Health, Inc., Rickey Coleman,<br>and Rosilyn Jindal<br>          Defendant.<br>_____/ | Anthony P. Patti<br>United States Magistrate Judge |

## OPINION AND ORDER DENYING DEFENDANT RICKEY COLEMAN, D.O.'S MOTION FOR RECONSIDERATION

On May 17, 2021 Defendant Rickey Coleman, D.O., filed a Motion for Reconsideration on this Court's Order Rejecting Defendant Coleman's Second Objection Regarding the Magistrate Judge's Ruling with Regard to Plaintiff's Critical Need for Foam Soap. (ECF No. 81.) Plaintiff Woollard filed a Response on June 3, 2021. (ECF No. 83.)

Motions for reconsideration may be granted pursuant to E.D. Mich. LR 7.1(g)(1) when the moving party to shows (1) a "palpable defect," (2) that misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(g)(3). A "palpable defect" is a defect

1

which is obvious, clear, unmistakable, manifest, or plain. *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002) (citations omitted). Yet motions for reconsideration should not be granted when they "merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(g)(3). Here, the Court has already ruled on the issues raised by the Defendant, and the Court is not persuaded that the Defendant has shown a palpable defect, the correction of which would lead to a different outcome.

Defendant Coleman challenges both the subjective and objective components of deliberate indifference. Regarding the subjective component, the evidence shows a reasonable juror could find that Dr. Coleman "subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk" by failing to take reasonable measures to abate it. *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

The AMCO request in which Dr. Coleman deferred the medical accommodation for foam soap notes that the Plaintiff suffers from wrist drop in his right hand and forearm atrophy, and that Plaintiff "[u]ses foam soap for cleansing." (ECF No. 72 PageID.655.) Defendant Coleman states in his affidavit that "the only 'reason' stated was because Mr. Woollard needs foam soap to 'feel independent,' "

2

and that "Plaintiff has full use of his upper body and extremities." (Affidavit of Rickey Coleman, D.O., ECF No. 81-1 ¶¶ 7, 8.) These statements are inconsistent with the information provided in the AMCO request that was before Dr. Coleman when he deferred the Plaintiff's medical order for foam soap, which stated that the Plaintiff used foam soap for cleansing and noted the Plaintiff's wrist drop and forearm atrophy.

On February 8, 2018 Woollard complained to a nurse of his inability to cleanse himself without foam soap "since he cannot use the toilet, has no sink in his cell, the bar of soap is no help." (ECF No. 72 PageID.692) On December 4, 2018, PA Jindal submitted another AMCO request to Dr. Coleman where Jindal noted that:

> Patient is a paraplegic with right radial neuropath, decreased RUE [right upper extremity] strength. Has to digitally stimulate bowel movements, and unable to transfer to commode/toilet to have bowel movements, due to upper extremity weakness and does so on his bed. Often incontinent of feces.

(ECF No. 72 PageID.719.)

This evidence sufficient for a reasonable juror to find that Dr. Coleman had the necessary information to infer a substantial risk to the Plaintiff and failed to act. Defendant's arguments regarding the subjective component are rejected.

Regarding the objective component, Sixth Circuit has held that "when an inmate has received on-going treatment for his condition and claims that this

3

treatment was inadequate, the objective component of an Eighth Amendment claim requires a showing of care 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.' " *Rhinehart v. Scutt*, 894 F.3d 721, 737 (6th Cir. 2018) (quoting *Miller v. Calhoun Cty.*, 408 F.3d 803, 819 (6th Cir. 2005)). Reasonable jurors could find that Dr. Coleman's refusal to provide a viable means for the Plaintiff to cleanse himself, given that he needs to digitally stimulate his bowel movements, "shocks the conscience." As this Court held, "[s]imply put, bar soap is not a reasonable substitute." (Order Adopting R&R, ECF No. 80 PageID.817.)

Accordingly, it is **ORDERED** that the plaintiff's motion for reconsideration (ECF No. 81) is **DENIED**.

SO ORDERED.

s/Paul D. Borman
Paul D. Borman
United States District Judge

Dated: August 19, 2021

4